Submitted October 28, reversed and remanded November 25, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DENISE ORCUTT,
*Defendant-Appellant.*

Josephine County Circuit Court
07CR0187; A138988

221 P3d 835

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for possession of methamphetamine. She assigns error to the denial of her motion to suppress evidence obtained after a police officer stopped the car in which she was a passenger for the failure of defendant and the car's driver to wear seat belts. Defendant argues that the officer unlawfully extended the duration of the traffic stop in violation of Article I, section 9, of the Oregon Constitution by asking her if she had any weapons, asking to pat her down, and requesting consent to search her purse without reasonable suspicion of criminal activity. Defendant also argues that evidence obtained from a subsequent search of a container in her purse, to which defendant consented after being given *Miranda* warnings, was the unattenuated product of her unlawful detention.

The state agrees that, under our decisions in *State v. Kirkeby*, 220 Or App 177, 185 P3d 510, *rev allowed*, 345 Or 301 (2008), and *State v. Rodgers*, 219 Or App 366, 182 P3d 209, *rev allowed*, 345 Or 301 (2008), the officer violated Article I, section 9, by unlawfully extending the duration of the traffic stop, and evidence obtained as a result of that violation must be suppressed. We agree that *Rodgers* and *Kirkeby* are controlling and that, under those decisions, the trial court erred in concluding otherwise.

Further, in *State v. Ayles*, 220 Or App 606, 614, 188 P3d 378, *rev allowed*, 345 Or 460 (2008), and *State v. La France*, 219 Or App 548, 577, 184 P3d 1169 (2008), we held that *Miranda* warnings given to the defendants in those cases before the police obtained inculpatory information (*Ayles*) or consent to search (*La France*) did not overcome the effect of the initial unlawful police conduct, based on the totality of circumstances in each of those cases. The state agrees that the circumstances here do not differ markedly from those in *Ayles* and *La France*. Accordingly, the trial court erred in denying the motion to suppress evidence obtained during the unlawful detention of defendant.

Reversed and remanded.